IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01627-BNB

RICHARD MARTINEZ,

    Plaintiff,

v.

KEVIN MILYARD, Warden of the Sterling Correctional Facility,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 0 9 2010

GREGORY C. LANGHAM
                  CLERK

---

## ORDER OF DISMISSAL

---

Plaintiff, Richard Martinez, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado. Mr. Martinez has filed *pro se* an amended complaint for injunctive relief pursuant to 42 U.S.C. § 1983 alleging that Defendant has violated his rights under the United States Constitution. Mr. Martinez has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Martinez is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* § 1915(g). Pursuant to § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the amended complaint liberally because Mr. Martinez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Hall*, 935 F.2d at 1110. However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. The amended complaint will be dismissed pursuant to § 1915(e)(2)(B) as legally frivolous for the reasons stated below.

Mr. Martinez alleges that on June 18, 2010 he was placed in segregation and officers confiscated certain items of his personal property including, but not limited to, his radio, fan, lamp, hot pot, and sweat outfits. He apparently contends that the confiscation of his property during his placement in segregation and his inability to purchase the same personal and canteen items as general-population inmates constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution. He also generally alleges that, during his placement in segregation, the deprivation of family contact visits and the placement of restraints on him every time he leaves his cell constitute cruel and unusual punishment.

"The Eighth Amendment's prohibition of cruel and unusual punishment imposes

a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from bodily harm." *See Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). However, not every injury suffered by a prison inmate gives rise to liability for a constitutional violation. *Id.* In order to assert a cognizable claim under the Eighth Amendment, Mr. Martinez must allege that Defendant was deliberately indifferent to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Stated another way, Mr. Martinez must demonstrate both that the injury he suffered was sufficiently serious and that Defendant acted with deliberate indifference. *See Tafoya*, 516 F.3d at 916.

Mr. Martinez's allegations do not demonstrate an injury that is sufficiently serious because "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Eighth Amendment is not violated unless the conditions deprive a prisoner of the "'minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The fact that, while in segregation, Mr. Martinez had property confiscated, is treated differently than general-population inmates, is not allowed family contact visits, and is placed in restraints each time he leaves his cell is not an extreme deprivation and does not deprive Mr. Martinez of the minimal civilized measure of life's necessities.

Mr. Martinez also fails to allege facts that indicate Defendant Kevin Milyard acted with deliberate indifference in executing these prison procedures. Deliberate

indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Mr. Martinez does not allege that Defendant Milyard knew he faced a substantial risk of serious harm and disregarded that risk.

For these reasons, the Court finds that the facts alleged by Mr. Martinez do not support an arguable claim. As a result, the amended complaint is legally frivolous and must be dismissed. Accordingly, it is

ORDERED that the amended complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that the motion titled "Injunction Motion" filed by Plaintiff, Richard Martinez, on July 9, 2010 is denied as moot.

DATED at Denver, Colorado, this  8th  day of  September , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01627-BNB

Richard Martinez
Prisoner No. 75213
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/9/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk